IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIA ANN POFF, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-585-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Julia Ann Poff, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent.[1] After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner is serving a 120-month term of imprisonment for her 2019 conviction in the United States District Court for the Southern District of Texas for transportation of explosives with the intent to kill, injure and intimidate. Resp't's App. 14–15, ECF No. 11. Petitioner indicates that her direct appeal remains pending. Pet. 8, ECF No. 5.

In the instant § 2241 petition, Petitioner raises the following grounds for relief, verbatim:

(1)   Due process rights violated by perjury and fraud at sentencing;

(2)   Continuing prejudice being denied access to the courts by untimely mail being sent and received causing missed deadlines;

---

[1] Petitioner has another habeas action under § 2241 currently pending in this Court in Civil Action No. 4:21-cv-900-P. Pet., Poff v. Carr, Civil Action No. 4:21-cv-900-P, ECF No. 1.

    (3)    First Amendment right of being denied contact with my son; and

    (4)    Misclassification of her crime as a "crime of violence," when it clearly was not in light of the U.S. v. Davis ruling.

Pet. 5–6, ECF No. 5.

## II. DISCUSSION

With respect to grounds one and four, 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a federal conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) her claim is based on a retroactively applicable United States Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because Petitioner's direct appeal remains pending, she cannot show that the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective to challenge her conviction merely because an appeal of the underlying conviction remains pending. *See United*

2

*States v. Pirro,* 104 F.3d 297, 298–300 (9th Cir. 1997) (finding pendency of direct appeal does not render § 2255 inadequate or ineffective); *Risby v. Wendt,* No. 3:04-CV-0291-R, 2004 WL 828067, at *4 (N.D. Tex. Apr. 15, 2004), *Findings & R. adopted,* 2004 WL 937013 (N.D. Tex. Apr. 29, 2004) (same). A petitioner cannot collaterally attack her conviction until it has been affirmed on direct appeal. *United States v. Bernegger,* 661 F.3d 232, 241 (5th Cir. 2011); *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir. 1988). Thus, Petitioner may yet obtain relief through her still pending appeal and/or a first motion under § 2255. *See Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972) (holding that a § 2255 motion is "not entitled to consideration on the merits" when the direct appeal remains pending). That Petitioner must wait to file a § 2255 motion until her appeal is finally determined does not make the savings clause inapplicable to her. *See Pirro,* 104 F.3d at 298–300.[2]

With respect to grounds two and three, in which Petitioner complains of mishandling of or interference with her mail and restrictions on correspondence with her son, § 2241 is not the appropriate vehicle for doing so, as such conditions do not affect the fact or duration of her confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Rather, such claims are properly brought as civil-rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388 (1971).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of

---

[2] Because the Court lacks jurisdiction over the petition, the Court does not address Respondent's argument that Petitioner's plea agreement waived her right to appeal or collaterally attack her conviction or sentence.

3

appealability is **DENIED**.

      **SO ORDERED** on this 6th day of August, 2021.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**

4